People ex rel. Eldridge v. Fancher. ·

---

PEOPLE *ex rel.* ELDRIDGE *et al.* v. FANCHER, Justice, etc.

*Habeas corpus — res adjudicata — Imprisonment for debt — Statutory construction.* 2 *R. S. ch.* 5, *art.* 5 ; *Laws* 1851, *chap.* 300.

A prisoner obtained a writ of *habeas corpus,* and upon a hearing his discharge was refused. He then obtained a writ from another judge. The proceedings before the judge upon the first application were set up by the sheriff as a bar to the prisoner's discharge. The prisoner put in a traverse denying, as matter of fact, that the case as then presented had been presented to and passed upon by the judge in the prior proceedings. To this the sheriff demurred. On this demurrer the judge gave judgment, discharging the prisoner. *Held,* that the judge before whom the proceedings were last had did not pass upon the case as presented to the other judge, and the matter was not *res adjudicata.*

The non-imprisonment act (Laws 1831, chap. 300) did not abolish 2 R. S. ch. 5, art. 5, and persons who have only debts fraudulently contracted are not, before arrest on final judgment, precluded from obtaining discharge under the last-named statutes.

CERTIORARI to review a decision made by Mr. Justice FANCHER, on November 26, 1872, discharging on *habeas corpus* one Max Friedlander from the custody of the sheriff, by whom he was held, under or by virtue of certain orders of arrest and executions against the person in favor of the relator Thomas P. Eldridge and others, in a suit brought by them against him. After the judgment and while Friedlander was in custody under the order of arrest, and before he had been charged in execution against the person, he applied by petition to one of the judges of the court of common pleas that he might be exempted from arrest or imprisonment pursuant to article 5, chapter 5, title 1, part 2 of the Revised Statutes. This petition and relief was granted on October 18, 1872, and Friedlander made the assignment required by that article. Friedlander then sought his discharge from imprisonment upon the execution against the person, upon *habeas corpus*, before Judge ROBINSON, of the common pleas, who refused to release him on the ground that "the discharge obtained by the relator as an insolvent debtor, under the provisions of art. 5 (2 R. S. 28 to 31) was ineffectual to release him as a debtor already imprisoned on the executions in the civil actions mentioned in the return," and on the 4th of November, 1872, discharged the writ. Friedlander then made application to Mr. Justice FANCHER, as above stated, who ordered his discharge on the ground that "the discharge of the defendant, under article 5, extends to debts in judgments as those under which he is now imprisoned." The other material facts appear in the opinion of the general term.

*G. A. Seixas*, for relators. The decision of Judge ROBINSON made the matter *res adjudicata.* Article 5 was repealed or made inoperative by the Stillwell Act. The petitioner was duly charged in execution when he applied to Judge FANCHER, and therefore his "exoneration," under the 5th article, was ineffectual to discharge him. *Spear* v. *Wardell*, 1 N. Y. 144; *People ex rel. Latorre* v. *O'Brien*, 6 Abb. N. S. 63.

*Horatio F. Averill* and *Thomas Allison*, for Friedlander. Article 5 applies to insolvent debtors imprisoned on execution. The liability of a debtor on a judgment, whether in tort or in contract, is a debt on contract. *Bank of Auburn* v. *Putnam*, 3 Keyes, 344; *People* v. *Justices of N. Y. Mar. Court*, 3 Cow. 366; *Luther* v. *Deyo*, 19 Wend. 629; *In re Kip* (N. Y. C. P.); *Ex parte Thayer*,

4 Cow. 66, §§ 16 and 17 of article 6 (same act). The whole of chapter 5, part 2 of Revised Statutes, is continued in force by section 471, Code of Procedure. A demurrer to the traverse having been interposed, it could not be held that it was *res adjudicata;* the party setting up the bar must make it appear that the decision was upon the merits and upon the same state of facts. *Geisler* v. *Acosta,* 9 N. Y. 227 ; *Brinckerhoff* v. *Board of Education,* 37 How. 519 ; *Woodgate* v. *Fleet,* 11 Abb. Pr. N. S. 56 ; *Maloney* v. *Horan,* 12 id. 293 ; *Bissell* v. *Kellogg,* 60 Barb. 627.

DONOHUE, J. In this case the relators ask a review of the proceedings of Judge FANCHER, discharging one Friedlander from custody on *habeas corpus.* The facts are, that Friedlander, owing debts on contracts fraudulently made, applied under article 5, chapter 5, part II of the Revised Statutes of this State, to procure the exemption of his person from imprisonment under that act. He duly made the assignment and obtained his discharge under that act, and, being imprisoned in actions on some of the contracts made prior to his application, applied to Judge ROBINSON, on *habeas corpus,* to obtain his discharge, which was denied. He then, on a new writ, applied to Judge FANCHER, who, after hearing, granted the discharge sought now to be reversed.

The first point raised by the relators' counsel is that the question was *res adjudicata.* Any system of law which would keep a prisoner in custody, when the facts show him entitled to his discharge, would be a perversion of justice, and unless there is some reason to believe that the case and questions as presented to Judge FANCHER had already been passed on by Judge ROBINSON, the point taken must fail. In looking at the record, we find that the proceedings before Judge ROBINSON were set up as a bar here, and that to such return the prisoner put in a traverse, denying, as matter of fact, that the case, as then presented, had been presented to and passed upon by Judge ROBINSON. To this the sheriff demurred, and on that demurrer Judge FANCHER gave judgment. The case hardly presents such a state of facts as brings the relators within the rule laid down in the case of *Mercein* v. *Barry,* 25 Wend. 64. The rule is there stated as broadly as courts could well go where liberty was concerned, and any extension of the rule would work injustice. As Judge ROBINSON did not pass upon the case as presented to Judge FANCHER, this point must fail.

The next ground taken by the relators is that the non-imprisonment act, in fact, abolished the article under which the original discharge was sought, because it made provision in respect to debts fraudulently contracted and the mode of discharging them. In this the relator is mistaken. After the non-imprisonment act was passed no discharge under any other provision as to simple contract debts, without fraud, was needed, and the article then on the statute book, and continued as law for forty years, has only debts fraudulently contracted and on which persons can be arrested to act on. Again, that the non-imprisonment act of 1831 provides a mode after arrest of obtaining a discharge gives no evidence that the legislature did not intend to give the debtor a mode at any time before the arrest on final judgment in which he could, on his own motion and on a surrender of all he possessed, obtain such discharge. Article 6 provides for an entirely different proceeding and has no application to the rights claimed by Friedlander.

When, as in this case, in order to obtain his original discharge, the defendant had to assign all he possessed, and, where it must be taken he did, there does not seem to be any good reason to strain the law to hold him.

The proceedings should be affirmed.

DANIELS, J., concurred.

*Proceedings affirmed.*